JJD:MEM
F. #2017R00764

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA        COOPERATION AGREEMENT

    - against -

                                          17 CR 0294 (JS)

SEAN LEONARD,
    also known as "Phelps,"

                Defendant.

- - - - - - - - - - - - - - - - X

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and SEAN LEONARD (the "defendant") agree to the following:

        1.     The defendant will waive indictment and plead guilty to an information to be filed in this district, charging a violation of 18 U.S.C. § 922(a)(1)(A). The count carries the following statutory penalties:

        a.     Maximum term of imprisonment: 5 years
               (18 U.S.C. § 924(a)(1)(D)).

        b.     Minimum term of imprisonment: 0 years
               (18 U.S.C. § 924(a)(1)(D)).

        c.     Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 year without credit for pre-release imprisonment or time previously served on post-release supervision
               (18 U.S.C. § 3583 (b) & (e)).



DISC-021295

      d.      Maximum fine: 250,000
(18 U.S.C. § 3571(b)(3)).

      e.      Restitution: N/A

      f.      $100 special assessment
(18 U.S.C. § 3013).

      g.      Other penalties: Criminal forfeiture as set forth below in paragraphs 6 through 13.
(18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c)).

2.      The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including all criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, if the defendant has accepted responsibility as described above, and if the defendant pleads guilty on or before June 2, 2017, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b).

3.      The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment at or below 60 months. This waiver

DISC-021296

is binding without regard to the sentencing analysis used by the Court. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

4. The defendant will provide truthful, complete and accurate information and will cooperate fully with the Office. This cooperation will include, but is not limited to, the following:

    a. The defendant agrees to be fully debriefed and to attend all meetings at which his presence is requested, concerning his participation in and knowledge of all criminal activities.

    b. The defendant agrees to furnish to the Office all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control and to participate in undercover activities pursuant to the specific instructions of law enforcement agents or this Office.

    c. The defendant agrees not to reveal his cooperation, or any information derived therefrom, to any third party without prior consent of the Office.

    d. The defendant agrees to testify at any proceeding in the Eastern District of New York or elsewhere as requested by the Office.

    e. The defendant consents to adjournments of his sentence as requested by the Office.

    f. The defendant agrees that all of the defendant's obligations under this agreement continue after the defendant is sentenced.

    h. The defendant agrees to forfeit, to the United States a forfeiture money judgment in the amount $5,000.00, in addition to his right, title and interest in the assets listed in Attachment A.

5. The Office agrees that:

    a. Except as provided in paragraphs 1, 17 and 18, no criminal charges will be brought against the defendant for his heretofore disclosed participation in criminal activity involving: (1) possession and sale of firearms, silencers, and ammunition from

DISC-021297

on or about and between January 1, 2015 and May 1, 2017; (2) narcotics possession from on or about and between May 1, 2014 and May 1, 2017; and (3) assaults which occurred in or about December 2015 and August 2016.

b. No statements made by the defendant during the course of this cooperation will be used against him except as provided in paragraphs 2, 17 and 18.

6. The defendant acknowledges that he owns property that is subject to forfeiture as a result of his violation of 18 U.S.C. § 922(a)(1)(A), as alleged in the above-captioned information. Pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), the defendant consents to the entry of a forfeiture money judgment in the amount of five thousand dollars and no cents ($5,000.00) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title and interest in the assets listed in Attachment "A" appended hereto, ("collectively, the "Seized Firearms and Ammunition"), as any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922 and/or as substitute assets. The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the Seized Firearms and Ammunition in any administrative or judicial proceeding.

7. The Forfeiture Money Judgment shall be paid in full on or before the date of the defendant's sentencing (the "Due Date"). All payments made by the defendant towards the Forfeiture Money Judgment shall be by money order, certified or official bank check(s), payable to the "United States Marshals Service." The defendant shall cause said check(s) to be sent by overnight mail delivery to Assistant United States Attorney Madeline O'Connor, United States Attorney's Office, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722, with the criminal docket number noted on the face check. The forfeiture of the

DISC-021298

Seized Firearms and Ammunition will not be credited towards the Forfeiture Money Judgment.

8. If the Forfeiture Money Judgment is not paid in full on or before the Due Date, interest shall accrue on any unpaid portion thereon at the judgment rate of interest from that date. Further, if the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date and/or forfeit the Seized Firearms and Ammunition, the defendant consents to the forfeiture of any other property of his up to the amount of the unpaid Forfeiture Money Judgment and/or the value of the Seized Firearms and Ammunition, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the amount of the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding.

9. The defendant agrees that the Seized Firearms and Ammunition constitutes any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. 922(a)(1)(A), and/or as substitute assets, and thus is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c). The defendant consents to the entry of a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure as to the forfeiture of the Seized Firearms and Ammunition and entry of a Forfeiture Money Judgment.

10. The defendant agrees to fully assist the government in effectuating the surrender and forfeiture of the Seized Firearms and Ammunition to the United States, and to take whatever steps necessary to ensure that clear title passes to the United States, including the execution of any documents necessary to effectuate the surrender and transfer of title to

DISC-021299

the United States. The defendant agrees to effectuate the payment of the Forfeiture Money Judgment. The defendant further agrees not to file a claim or petition seeking remission or contesting the forfeiture of the Seized Firearms and Ammunition in any administrative or judicial proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Seized Firearms and ammunition. Further, if any third party files a claim to the Seized Firearms and Ammunition, or any property against which the government seeks to execute the entry and payment of the Forfeiture Money Judgment, Further, if any third party files a claim to the Seized Firearms and Ammunition the defendant will assist the government in defending such claim. 

    11.    The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement. Upon such breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant. Further, if the defendant fails to forfeit the Seized Firearms and Ammunition, the defendant consents to the forfeiture of any other property up to the value of the Seized Firearms and Ammunition, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

    12.    The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including notice set forth in any indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the

DISC-021300

monies and/or properties forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

13. The defendant agrees that the forfeiture of the Seized Firearms and Ammunition and the entry and payment of the Forfeiture Money Judgment are not to be considered a payment of a fine, penalty, restitution loss amount, and/or any income taxes that may be due, and shall survive any bankruptcy proceeding.

14. The defendant agrees that the Office may meet with and debrief him without the presence of counsel, unless the defendant specifically requests counsel's presence at such debriefings and meetings. Upon request of the defendant, the Office will endeavor to provide advance notice to counsel of the place and time of meetings and debriefings, it being understood that the Office's ability to provide such notice will vary according to time constraints and other circumstances. The Office may accommodate requests to alter the time and place of such debriefings. It is understood, however, that any cancellations or reschedulings of debriefings or meetings requested by the defendant that hinder the Office's ability to prepare adequately for trials, hearings or other proceedings may adversely affect the defendant's ability to provide substantial assistance. Matters occurring at any meeting or debriefing may be considered by the Office in determining whether the defendant has provided substantial assistance or otherwise complied with this agreement and may be considered by the Court in imposing sentence regardless of whether counsel was present at the meeting or debriefing.

DISC-021301

15. If the Office determines that the defendant has cooperated fully, provided substantial assistance to law enforcement authorities and otherwise complied with the terms of this agreement, the Office will file a motion pursuant to U.S.S.G. § 5K1.1 with the sentencing Court setting forth the nature and extent of his cooperation. Such a motion will allow the Court, in applying the advisory Guidelines, to consider a range below the Guidelines range that would otherwise apply. In this connection, it is understood that a good faith determination by the Office as to whether the defendant has cooperated fully and provided substantial assistance and has otherwise complied with the terms of this agreement, including the demonstration of acceptance of responsibility described in paragraph 2, and the Office's good faith assessment of the value, truthfulness, completeness and accuracy of the cooperation, shall be binding upon him. The defendant agrees that, in making this determination, the Office may consider facts known to it at this time. The Office will not recommend to the Court a specific sentence to be imposed. Further, the Office cannot and does not make a promise or representation as to what sentence will be imposed by the Court.

16. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

17. The defendant must at all times give complete, truthful, and accurate information and testimony, and must not commit, or attempt to commit, any further crimes. Should it be judged by the Office that the defendant has failed to cooperate fully, has

DISC-021302

intentionally given false, misleading or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this agreement, the defendant will not be released from his plea of guilty and will not be released from any forfeiture obligations contained in this agreement but this Office will be released from its obligations under this agreement, including (a) not to oppose a downward adjustment of two levels for acceptance of responsibility described in paragraph 2 above, and to make the motion for an additional one-level reduction described in paragraph 2 above and (b) to file the motion described in paragraph 15 above. Moreover, this Office may withdraw the motion described in paragraph 15 above, if such motion has been filed prior to sentencing. The defendant will also be subject to prosecution for any federal criminal violation of which the Office has knowledge, including, but not limited to, the criminal activity described in paragraph 5 above, perjury and obstruction of justice.

18. If the defendant violates any provision of this agreement, prosecutions for crimes currently known and unknown to the government that are not time-barred by the applicable statutes of limitation on the date this agreement is signed may be commenced against the defendant notwithstanding the expiration of the statutes of limitation between the signing of this agreement and the commencement of any such prosecutions. If any such prosecutions are brought, the defendant waives all claims under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule that statements made by the defendant on or after May 1, 2017, or any leads derived therefrom, should be suppressed.

19. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or

DISC-021303

prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

20. Apart from the written proffer agreement dated May 15, 2017, no promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties. This agreement supersedes any prior promises, agreements or conditions between

DISC-021304

the parties and remains binding beyond the date of the defendant's conviction. To become effective, this agreement must be signed by all signatories listed below.

Dated: Central Islip, New York
　　　　　6/2　　　　　, 2017

　　　　　　　　　　　　　　　　BRIDGET M. ROHDE
　　　　　　　　　　　　　　　　Acting United States Attorney
　　　　　　　　　　　　　　　　Eastern District of New York

　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　Mark E. Misorek
　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　Approved by:

　　　　　　　　　　　　　_____
　　　　　　　　　　　　　John J. Durham
　　　　　　　　　　　　　Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
SEAN LEONARD
Defendant

Approved by:

_____
Richard Finkel
Counsel to Defendant

11

Attachment A

(a) one Glock GMBH 19, .9 mm caliber pistol, serial number BEGR525;

(b) one Glock GMBH 17, .9 mm caliber pistol, serial number BCGP291;

(c) 89 rounds Magtech .9 mm caliber ammunition;

(d) one Taurus PT709 Slim, .9 mm caliber pistol, serial number TKN05076;

(e) one Taurus PT709 Slim, .9 mm caliber pistol, serial number TKN00512;

(f) one Smith and Wesson M&P 9 shield, .9 mm caliber pistol, serial number HDH9231;

(g) one Smith & Wesson SD40VE, .40 caliber pistol, serial number FXR945;

(h) 25 rounds Winchester-Western .40 caliber ammunition;

(i) one Smith & Wesson SD9VE, .9 mm caliber pistol, serial number FYV3063;

(j) one Smith and Wesson SD9VE, .9 mm caliber pistol, serial number FYV3058;

(k) one Smith and Wesson SD9VE, .9 mm caliber pistol, serial number FYC9718;

(l) one Glock GMBH 22, .40 caliber pistol, serial number VZA068;

(m) one Smith and Wesson M & P 22, .22 caliber pistol, serial number HHK2257;

(n) four (4) other assorted ammunition;

(o) Silver Silencer no markings;

(p) one Taurus PT638 Pro SA, .380 caliber pistol, serial number KHM77967;

(q) one Smith and Wesson 442 Airweight, .38 caliber pistol, serial number DCR6325;

- (r) one Walther PPQ, .22 caliber pistol, serial number PP07211;
- (s) Black silencer serial number, DF196, NSN 1088-06-8852-3186, Model 04-01-AE978-D;
- (t) one Smith and Wesson Bodyguard, .380 caliber pistol, serial number KBC5332;
- (u) 15 rounds of PMC .380 caliber ammunition;
- (v) one Taurus 905, .9 mm caliber revolver, serial number HS19327;
- (w) 5 rounds CBC-Brazilian Carttidge Company .9 mm caliber ammunition;
- (x) Heckler and Koch VP9, .9 mm caliber pistol, serial number 224-141281;
- (y) 14 rounds CBC-Brazilian Carttidge Company .9 mm caliber ammunition;
- (z) 32 rounds CCI .22 caliber ammunition;
- (aa) 160 rounds assorted ammunition;
- (bb) 33 rounds Winchester-Western .22 caliber ammunition;
- (cc) one Mossberg 500, .12 caliber shotgun, serial number J819671;
- (dd) 11 rounds assorted .12 caliber ammunition;
- (ee) 18 rounds assorted ammunition;
- (ff) 72 rounds assorted ammunition; and
- (gg) one Walther P22, .22 caliber pistol, serial number L080030 ((a) – (gg) collectively, the "Seized Firearms and Ammunition") which were seized on or about and between January 1, 2015 and May 1, 2017 in Nassau County, New York.