CCC:MEM
F. # 2018R00127

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA        COOPERATION AGREEMENT

    - against -

                                    18 CR 066 (JS)

ARTHUR SIURANO,
    also known as "Peacock" and
    "Rooster,"

                Defendant.

- - - - - - - - - - - - - - - - X

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and ARTHUR SIURANO (the "defendant") agree to the following:

        1.     The defendant will plead guilty to Counts One and Two of the above-captioned indictment (the "Indictment"), charging violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A)(i). The counts carry the following statutory penalties:

Count One (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances

        a.     Maximum term of imprisonment: 40 years
                  (21 U.S.C. § 841(b)(1)(B)).

        b.     Minimum term of imprisonment: 5 years
                  (21 U.S.C. § 841(b)(1)(B)).

        c.     Minimum supervised release term: 4 years, maximum
                  supervised release term: life, to follow any term of
                  imprisonment; if a condition of release is violated, the defendant
                  may be sentenced to up to 3 years without credit for pre-release

       imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583(e); 21 U.S.C. § 841 or § 960).

   d.    Maximum fine: $5,000,000
(21 U.S.C. § 841(b)(1)(B)).

   e.    Restitution: N/A

   f.    $100 special assessment
(18 U.S.C. § 3013).

   g.    Other penalties: criminal forfeiture as set forth below in paragraphs 6 through 12
(21 U.S.C. §§ 853(a) and 853(p)).

Count Two (Unlawful Use of a Firearm):

   a.    Maximum term of imprisonment: Life
(18 U.S.C. § 924(c)(1)(A)(i)).

   b.    Minimum term of imprisonment: 5 years
(18 U.S.C. § 924(c)(1)(A)(i)).

   c.    Maximum supervised release term: 5 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 5 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583 (b) & (e)).

   d.    Maximum fine: $250,000
(18 U.S.C. § 3571(b)(3)).

   e.    Restitution: N/A

   f.    $100 special assessment
(18 U.S.C. § 3013).

   g.    Other penalties: criminal forfeiture as set forth below in paragraphs 6 through 12
(21 U.S.C. §§ 853(a) and 853(p)).

The sentence imposed on each count must run consecutively.

DISC-021330

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including all criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, if the defendant has accepted responsibility as described above, and if the defendant pleads guilty on or before May 4, 2018 an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b). The defendant agrees that he will not challenge the drug type and quantity set forth in the lab reports.

3. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment at or below 180 months. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant further waives the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

DISC-021331

4. The defendant will provide truthful, complete and accurate information and will cooperate fully with the Office. This cooperation will include, but is not limited to, the following:

    a. The defendant agrees to be fully debriefed and to attend all meetings at which his presence is requested, concerning his participation in and knowledge of all criminal activities.

    b. The defendant agrees to furnish to the Office all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control and to participate in undercover activities pursuant to the specific instructions of law enforcement agents or this Office.

    c. The defendant agrees not to reveal his cooperation, or any information derived therefrom, to any third party without prior consent of the Office.

    d. The defendant agrees to testify at any proceeding in the Eastern District of New York or elsewhere as requested by the Office.

    e. The defendant consents to adjournments of his sentence as requested by the Office.

    f. The defendant agrees that all of the defendant's obligations under this agreement continue after the defendant is sentenced.

    g. Criminal forfeiture of a $30,000.00 forfeiture money judgment.

5. The Office agrees that:

    a. Except as provided in paragraphs 1, 16 and 17, no criminal charges will be brought against the defendant for his heretofore disclosed participation in criminal activity involving: (1) the possession and sale of cocaine, heroin, marijuana, and methamphetamine, between January 2015 and February 2018; (2) his use of firearms in connection with the possession and sale of the above mentioned controlled substances; and (3) the purchase and possession of silencers in 2017, and, at the time of sentence, it will move to dismiss the remaining count of the indictment.

DISC-021332

  b. No statements made by the defendant during the course of this cooperation will be used against him except as provided in paragraphs 2, 16 and 17.

  6. The defendant acknowledges that he obtained and/or acquired property that is subject to forfeiture as a result of his violation of 21 U.S.C. § 841(a)(1), as alleged in the above-captioned indictment. The defendant consents to the entry of a forfeiture money judgment in the amount of thirty thousand dollars and no cents ($30,000.00) (the "Forfeiture Money Judgment"). The defendant agrees that the amount of the Forfeiture Money Judgment represents:(a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation as a result of such violation and/or substitute assets, and thus is forfeitable to the United States pursuant to 21 U.S.C. §§ 853(a) and/or 853(p). The defendant consents to the entry of an Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, imposing the Forfeiture Money Judgment.

  7. The Forfeiture Money Judgment shall be paid in full within 30 days of sentencing (the "Due Date"). All payments made by the defendant toward the Forfeiture Money Judgment shall be made by money order, certified check and/or official bank check, payable to the "U.S. Customs & Border Protection." The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Madeline O'Connor, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722, with the criminal docket number noted on the face of the instrument. The defendant consents to the restraint of all payments made toward the Forfeiture Money Judgment. The defendant further consents to the forfeiture of such

DISC-021333

payments as: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, and/or substitute assets, through either an administrative or judicial (civil or criminal) forfeiture proceeding, at the Office's election.  The defendant also waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

8. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the unpaid Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

9. The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the United States.  The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding.  The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

10. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any

DISC-021334

document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

11. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the entry of a Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

12. The defendant agrees that the entry and payment of the Forfeiture Money Judgment are not to be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

13. The defendant agrees that the Office may meet with and debrief him without the presence of counsel, unless the defendant specifically requests counsel's presence at such debriefings and meetings. Upon request of the defendant, the Office will endeavor to provide advance notice to counsel of the place and time of meetings and debriefings, it being understood that the Office's ability to provide such notice will vary according to time constraints and other circumstances. The Office may accommodate requests to alter the time and place of such debriefings. It is understood, however, that any cancellations or reschedulings of debriefings or meetings requested by the defendant that

DISC-021335

hinder the Office's ability to prepare adequately for trials, hearings or other proceedings may adversely affect the defendant's ability to provide substantial assistance. Matters occurring at any meeting or debriefing may be considered by the Office in determining whether the defendant has provided substantial assistance or otherwise complied with this agreement and may be considered by the Court in imposing sentence regardless of whether counsel was present at the meeting or debriefing.

14. If the Office determines that the defendant has cooperated fully, provided substantial assistance to law enforcement authorities and otherwise complied with the terms of this agreement, the Office will file a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) with the sentencing Court setting forth the nature and extent of his cooperation. Such a motion will permit the Court, in its discretion, to impose a sentence below any applicable mandatory minimum sentence. In this connection, it is understood that a good faith determination by the Office as to whether the defendant has cooperated fully and provided substantial assistance and has otherwise complied with the terms of this agreement, including the demonstration of acceptance of responsibility described in paragraph 2, and the Office's good faith assessment of the value, truthfulness, completeness and accuracy of the cooperation, shall be binding upon him. The defendant agrees that, in making this determination, the Office may consider facts known to it at this time. The Office will not recommend to the Court a specific sentence to be imposed. Further, the Office cannot and does not make a promise or representation as to what sentence will be imposed by the Court.

15. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The

DISC-021336

defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

16. The defendant must at all times give complete, truthful, and accurate information and testimony, and must not commit, or attempt to commit, any further crimes. Should it be judged by the Office that the defendant has failed to cooperate fully, has intentionally given false, misleading or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this agreement, the defendant will not be released from his plea of guilty and will not be released from any forfeiture obligations contained in this agreement] but this Office will be released from its obligations under this agreement, including (a) not to oppose a downward adjustment of two levels for acceptance of responsibility described in paragraph 2 above, and to make the motion for an additional one-level reduction described in paragraph 2 above and (b) to file the motion described in paragraph 14 above. Moreover, this Office may withdraw the motion described in paragraph 14 above, if such motion has been filed prior to sentencing. In addition, this Office may decide not to support any application for admission to the Witness Security Program. The defendant will also be subject to prosecution for any federal criminal violation of which the Office has knowledge, including, but not limited to, the criminal activity described in paragraph 5 above, perjury and obstruction of justice.

17. If the defendant violates any provision of this agreement, prosecutions for crimes currently known and unknown to the government that are not time-barred by the applicable statutes of limitation on the date this agreement is signed may be commenced against the defendant notwithstanding the expiration of the statutes of limitation between the

DISC-021337

signing of this agreement and the commencement of any such prosecutions. If any such prosecutions are brought, the defendant waives all claims under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule that statements made by the defendant on or after February 13, 2018, or any leads derived therefrom, should be suppressed.

18. If the defendant requests, and in the Office's judgment the request is reasonable, the Office will make an application and recommend that the defendant and, if appropriate, other individuals be placed in the Witness Security Program, it being understood that the Office has authority only to recommend and that the final decision to place an applicant in the Witness Security Program rests with the Department of Justice, which will make its decision in accordance with applicable Departmental regulations.

19. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

20. Apart from the written proffer agreements dated February 27, 2018, March 20, 2018, and March 22, 2018, no promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties. This agreement supersedes any prior promises, agreements or conditions between the parties and remains binding beyond the date

DISC-021338

of the defendant's conviction. To become effective, this agreement must be signed by all signatories listed below.

Dated: Central Islip, New York
_____May 2_____, 2018

                                RICHARD P. DONOGHUE
                                United States Attorney
                                Eastern District of New York

By: _____
     Mark E. Misorek
     Assistant United States Attorney

Approved by:
_____
Christopher C. Caffarone
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
ARTHUR SIURANO
Defendant

Approved by:
_____
Evans Prieston, Esq.
Counsel to Defendant

12

DISC-021339